IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID LAMONT GIBSON, #10621-007         *
        Petitioner,
                              *

v.                                     CIVIL ACTION NO. DKC-15-3304
                              *

WARDEN TIMOTHY STEWART[1]
        Respondent.             *
                            *****

**MEMORANDUM OPINION**

**I.    Background**

On October 29, 2015, the Clerk received this 28 U.S.C. § 2241 petition for writ of habeas corpus filed by David Lamont Gibson, who is confined at the Federal Correctional Institution in Cumberland, Maryland. Gibson contends that in 2014, he discovered he should have been scheduled for a federal parole hearing in 2007. He filed a grievance with the Bureau of Prisons ("BOP"), which indicated that both his "sentence and parole eligibility were incorrect." The grievance was denied. ECF No. 1. Gibson maintains that although a Department of Justice Inmate Skills Development Plan document indicated that action was taken by the U.S. Parole Commission ("Commission") on December 1, 2009, that review never occurred. *Id*. at p. 3.[2] He alleges that had such action occurred, he would have been eligible to receive a re-hearing "one year after the last action taken by the Board" under Title 9, District of Columbia Rules and Regulations § 103. Gibson argues that had the initial parole hearing been conducted properly, he "could have possibly been given parole." He seeks release or, in the alternative, transfer of the

---

    [1]    The Clerk shall amend the docket to reflect the correct name of the Respondent.

    [2]    All document pages are referenced by their electronic filing number.

Petition to the District Court for the District of Columbia. *Id.* at p. 10. A brief overview of Gibson's relevant criminal case history follows.

On October 6, 1992, Gibson was sentenced in the Superior Court for the District of Columbia to 43 years on counts of kidnapping while armed, armed robbery, possession of a firearm during a crime of violence on a police officer, assaulting a police officer while armed, and carrying a pistol without a license. ECF Nos. 1-1 at p. 2; 4-1 at p. 2. In addition, on August 25, 1994, the Superior Court for the District of Columbia sentenced Gibson to a 45-year term for second-degree murder while armed. ECF No. 4-1 at p. 3.

The court has examined the Response and Gibson's Reply. ECF Nos. 4; 5. For reasons to follow, the Petition shall be DENIED.

## II.     Standard of Review

A habeas corpus petition may be brought under 28 U.S.C. § 2241 to challenge the "execution" of sentence, rather than the sentence itself. *See United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004), including parole. In order to be entitled to habeas relief under § 2241, a prisoner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    Analysis

According to Respondent, the BOP aggregated Gibson's sentences, resulting in a cumulative term of 88 years and a minimum term of 26 years plus 40 months, with a total of 1,963 days of jail and diminution credit. He maintains that Gibson will become eligible for parole on September 21, 2016. ECF No. 4-1 at p. 4. Respondent observes that Gibson applied for parole on November 6, 2015, and was scheduled for an initial parole hearing in January of 2016. ECF No. 4-1 at pp. 4 & 6.

In his Reply, Gibson contends that Respondent's Answer is not compliant with the court's order because all relevant records were not provided. He attaches those records as exhibits. ECF Nos. 5-1 through 5-7.

As noted in *Allen v. O'Brien*, No. 1:14-cv-02545, 2015 WL 4621453, at *9 (S.D.W.Va. June 22, 2015), *report and recommendation adopted*, 2015 WL 4624619 (S.D.W.Va. July 31, 2015):

> [A] prisoner possesses no federal constitutional liberty interest in parole. *Swarthout v. Cooke,* 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Jago v. Van Curen,* 454 U.S. 14, 14–15,17, 21, (1981); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Many federal courts, addressing D.C. Code offenders, have agreed that the D.C. parole system does not create a constitutionally protected liberty interest in parole. *Thompson v. Veach,* 501 F.3d 832, 836–37 (7th Cir. 2007); *Blair–Bey v. Quick,* 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Ellis v. Dist. of Columbia,* 84 F.3d 1413, 1420 (D.C. Cir. 1996); *Johnson v. Dist. of Columbia,* 67 F.Supp.3d 157, 163 (D.D.C. 2014) ("[I]t is established that D.C. prisoners do not have a constitutionally protected liberty interest in being released to parole."); *Greenwood v. English,* No. 5:13–cv–193–RS–EMT, 2013 WL 6085131, at *3 (N.D.Fla. Nov. 19, 2013) ("Because the D.C. parole statutes and regulations provide no substantive limitations on the Board's authority to grant parole, they do not create a liberty interest in parole release or the establishment of a parole date."); *Johnson v. United States,* 590 F.Supp.2d 101, 109 (D.D.C. 2008) (recognizing under D.C. law prisoner possessed no liberty interest in parole based on initial order granting him parole and that such order was subject to rescission without affording prisoner due process). The District of Columbia Court of Appeals has held similarly. *See, e.g., McRae v. Hyman,* 667 A.2d 1356, 1357 (D.C. 1995) ("The District's parole scheme confers discretion to grant or deny parole and the scoring system creates no liberty interest overriding the exercise of that discretion.").
>    Without a protected liberty interest in parole, [a prisoner] certainly cannot mount a procedural due process challenge to the [Commission's] decision. *See, e.g., Sansotta v. Town of Nags Head,* 724 F.3d 533, 540 (4th Cir. 2013). Furthermore, absent a

>liberty interest in parole, the availability of a substantive due process claim to dispute the USPC's decision is dubious. *See Jackson v. Standifird,* 503 F. App'x 623, 625 (10th Cir. 2012) (holding prisoner could not argue denial of procedural or substantive due process where no state created liberty interest in parole); *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997) (holding substantive due process claim challenging parole decision unavailable where prisoners had no liberty interest in parole); *Bailey v. Gardebring,* 940 F.2d 1150, 1157 (8th Cir. 1991) (rejecting substantive due process claim where prisoner had no constitutionally protected liberty interest under state law); *Harding v. Blumberg,* Civil Action No. ELH–13–287, 2015 WL 302766, at *4 (D.Md. Jan. 22, 2015) (stating no substantive due process challenge exists without liberty interest in parole).

The Commission exercises authority over D.C. Code offenders pursuant to § 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Act"), Public Law 105-33, 111 Stat. 712, and D.C. Code § 24-409. The operation of the Commission with respect to D.C. Code offenders is governed by the regulations set forth at 28 C.F.R. §§ 2.70 to 2.107. The Act gives the Commission sole authority over all parole release decisions regarding D.C felony prisoners. In effect, it transferred parole release and revocation functions over D.C. felony offenders from the former D.C. Board of Parole to the Commission. *See Franklin v. District of Columbia*, 163 F.3d. 625, 632 (D.C. Cir. 1998); *see also Simmons v. Shearin*, 295 F.Supp.2d 599, 602 (D.Md. 2003). The Commission has promulgated regulations to implement the D.C. parole statute. The regulations provide that the Commission will conduct an initial hearing for a D.C. Code prisoner who has applied for parole consideration at least 180 days prior to their parole eligibility date (*i.e.*, 180 days before completion of his or her minimum term). *See* 28 C.F.R. § 2.71(b).

The BOP has the sole authority to determine how the prisoner's sentences should be calculated to determine the parole eligibility date. *See United States v. Wilson*, 503 U.S. 329,

335 (1992).  "When multiple sentences are aggregated by the Bureau of Prisons…such sentences are treated as a single sentence for the purpose of every action taken by the Commission… and the prisoner has a single parole eligibility date as determined by the Bureau of Prisons."  28 C.F.R. § 2.5; *see also Goode v. Markley,* 603 F.2d 973, 977 (D.C. Cir. 1979) ("[I]t is well settled that it is proper for the U.S. Parole Commission to aggregate consecutive sentences for the purpose of determining parole eligibility.").  Thus, multiple sentences that are aggregated by the BOP are treated as a single sentence for every action taken by the Commission.  *See Wilson v. Fullwood*, 772 F.Supp.2d 246, 251-52 (D.D.C. 2011); *Bryant v. Civiletti*, 663 F.2d 286, 289-90 (D.C. Cir. 1981); *Gill v. U.S. Parole Comm'n*, 692 F. Supp. 623, 626 (E.D.Va. 1988).

Gibson's failure to receive an initial parole hearing prior to 2016 is not violative of any statute, because he is not yet parole eligible.  Under D.C. Code 24-404(a):

> Whenever it shall appear to the United States Parole Commission ("Commission") that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his or her release is not incompatible with the welfare of society, and that he or she has served the minimum sentence imposed or the prescribed portion of his or her sentence, as the case may be, the Commission may authorize his or her release on parole upon such terms and conditions as the Commission shall from time to time prescribe.  While on parole, a parolee shall remain in the legal custody and under the control of the Attorney General of the United States or his or her authorized representative until:
>
> (1) The expiration of the maximum of the term or terms specified in his or her sentence without regard to good time allowance; or
>
> (2) The Commission terminates legal custody over such parolee under subsection (a-1) of this section.

Gibson's multiple sentences have been aggregated by the BOP.  Thus, his 88-year term has been calculated to a minimum term of 26 years plus 40 months.  The Commission does not

have the authority to release him until he has served that minimum sentence, calculated as September 21, 2016. Gibson has no entitlement to habeas corpus relief.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability.

**IV.   Conclusion**

The court understands Gibson's frustration with the inconsistent information he was provided by the BOP and Commission in regards to his parole eligibility date and Commission action. He has, however, failed to set out a colorable due process or statutory claim regarding his parole hearing status. For reasons articulated by the court, the Petition shall be denied and the case closed.

Date:   April 14, 2016                          /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge